IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) CRIMINAL NO. 07-00072-CG |
| ARNOLD BUSH, JR., | ) |
| Defendant. | ) |

## ORDER

This matter is before the court on the motion of defendant, Arnold Bush, Jr., to dismiss Count Ten of the fourth superseding indictment.(Doc. 94), and the United States' response thereto (Doc. 107).

Count Ten of the fourth superseding indictment charges the defendant with a violation of 18 U.S.C. § 1791(a)(2) for possessing a prohibited object while in custody at the Mobile Metro Jail. (Doc. 82). Defendant contends that Count Ten is due to be dismissed because § 1791(a)(2) applies only to federal prisoners, and the defendant, although a federal inmate, was in physical custody at a local jail. In support of his position, the defendant relies on United States v. Rios-Flores, 318 F.Supp.2d 452 (W.D. Tex. 2003). However, Rios-Flores was decided based upon an earlier version of the statute in which the term "prison" was defined as "a Federal correctional, detention, or penal facility." The current version of the statute defines the term "prison" as:

> a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General.

1

18 U.S.C. § 1791(a)(4). The local jail where the defendant was being held meets the definition of the amended statute. Therefore, defendant's motion to dismiss Count Ten of the fourth superseding indictment (Doc. 94) is **DENIED**.

    **DONE** and **ORDERED** this 15th day of October, 2007.

                                                      /s/ Callie V. S. Granade
                                                  CHIEF UNITED STATES DISTRICT JUDGE