**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CRIMINAL NO. 07-00072-CG** |
| **ARNOLD BUSH, JR.,** | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter is before the court on the motion of defendant, Arnold Bush, Jr., to dismiss Counts Seven, Eight and Nine of the fourth superseding indictment.(Doc. 96) and the United States' response (Doc. 110). The court finds that venue for Counts Seven, Eight and Nine is not proper in this district. Therefore, defendant's motion is due to be **GRANTED**.

Counts Seven, Eight and Nine of the fourth superseding indictment each charge the defendant with violating 18 U.S.C. § 1001(a)(3) for stating in a writing to the Federal Correctional Institution in Oakdale, Louisiana, that he was representing, as an attorney, a federal inmate named Samuel Jones, when in fact, the defendant was not representing Jones. (Doc. 82). The defendant contends that venue is not proper in this district because any and all alleged acts by the defendant occurred outside the Southern District of Alabama.

According to facts proffered by the government, the defendant, originally from Mobile, Alabama, moved to north Alabama to attend college and law school. Samuel Jones reportedly supplied the defendant with marijuana and cocaine that the defendant would transport from

Mobile, Alabama, within this judicial district, to north Alabama for distribution. The defendant also reportedly made trips to Texas with drug associates from Mobile to obtain drugs, and supplied Jones with a female drug courier to transport large quantities of cocaine from Texas to Mobile. According to the United States, the FBI initiated an investigation of members of a Mobile, Alabama, drug organization, including Jones and the defendant. In September 2006, FBI Task Force Agent Nixon had planned to visit Samuel Jones in the Federal Correctional Institution in Louisiana to determine whether Jones was willing to cooperate in the drug investigation. Nixon had previously received word from Jones that he was interested in cooperating. The defendant reportedly knew that Nixon was planning to visit Jones and faxed the alleged false statements from Birmingham, Alabama[1] to the institution in Louisiana in order to obtain an expedited appointment to visit Jones in Louisiana. The defendant was, in fact, a lawyer, but did not represent Jones. The defendant made two separate trips to Louisiana to visit Jones.

Rule 18, FEDERAL RULES of CRIMINAL PROCEDURE, provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in the district where the offense was committed. . . ." Title 18, United States Code, Section 3237(a) states

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.
>
> . . .

18 U.S.C. § 1001 does not contain a venue provision; instead the general venue provisions of 18

---

[1] Birmingham is in the Northern District of Alabama.

U.S.C. § 3237(a) are used. See United States v. Ospina, 798 F.2d 1570, 1577 (11th Cir.1986).

The United States claims, in essence, that because defendant intended the offenses alleged in counts seven, eight and nine to have an effect in the Southern District of Alabama, the offense was committed in this district as well as in the districts where the defendant lived and where the prison is located. The government asserts that the venue issue in this case is analogous to the venue issue in United States v. Ringer, 300 F.3d 788 (7th Cir. 2002), cert. denied, 538 U.S. 981, 123 S.Ct. 1785, 155 L.Ed.2d 672 (2003). Ringer was arrested for accepting delivery of approximately 295 pounds of marijuana and indicted on a charge of conspiracy to possess with intent to distribute marijuana in the Southern District of Indiana. He agreed to plead guilty and cooperate. While preparing to indict Ringer's friends, federal agents from Indiana traveled to the federal prison in Manchester, Kentucky, where Ringer was serving his sentence, to reconfirm the information Ringer provided in earlier debriefings. Instead of providing confirmation, Ringer recanted his previous statements and disavowed any knowledge of his friends' drug trafficking activities. He also said that he would testify to whatever the agents wished, nullifying his value as a government witness. Without his crucial testimony, the government had to drop the grand jury proceedings against Ringer's friends in the Southern District of Indiana.

Ringer was then indicted in the Southern District of Indiana for making a false statement to the federal officers investigating the drug case, in violation of 18 U.S.C. §1001. During his trial, Ringer filed a motion for acquittal due to improper venue at the close of the government's case. He argued that the government proved that he made false statements in the Eastern District of Kentucky but not in the Southern District of Indiana. The district court denied Ringer's motion

and he was found guilty by a jury. The 7th Circuit Ringer Court held that venue was proper in the Southern District of Indiana because, although the statements occurred in Kentucky, events took place in the Indiana District that were critical to proving the elements of the false statement case. 300 F.3d at 791-792. One of the elements of a § 1001 offense is materiality of the false statement, and in Ringer, proving that the false statements were likely to affect the Indiana investigation was the keystone of the materiality of the statements made to the investigating agents.

Venue is improper "if the only acts that occurred in that district do not provide evidence of the elements of the charged crime." U.S. v. Ochoa, 229 F.3d 631 at 636 (7th Cir. 2000) (interpreting U.S. v. Cabrales, 524 U.S. 1, at 6-7 (1998)).

The case before this court is unlike Ringer. Here, the acts that occurred in this district do not provide any evidence of the elements of Section 1001. The false statements in this case are alleged to be material to a matter within the jurisdiction of the Bureau of Prisons - not to a matter within the jurisdiction of the FBI which was conducting the criminal investigation in Mobile. The only materiality the false statements would have in regard to the Bureau of Prisons would be in connection with the BOP's decision to allow defendant Bush to visit inmate Jones. Although the false statements may indeed have had an effect on the ongoing investigation in Mobile, that fact is independent of what the United States must prove in order to convict Bush of those counts.

The other cases cited by the Government are likewise distinguishable from this case. In each of those cases, the defendant was charged with a count relating to obstruction of justice. The case U.S. v. Frederick, 835 F.2d 1211, (7th Cir. 1987) involved a charge of witness

tampering in violation of 18 U.S.C. § 1512, in which the tampering occurred in Florida and the prosecution was brought in the Northern District of Illinois, where the witness was to have testified at a trial. U.S. v. Cofield, 11 F.3d 413 (4th Cir. 1993) involved a charge of retaliating against a witness in violation of 18 U.S.C. § 1513. There, the retaliation took place in the District of Columbia against a witness who had testified in a proceeding in the Eastern District of Virginia. U.S. v. Barham , 666 F.2d 521 (11th Cir. 1982) concerned a charge of violating the due administration of justice by shooting a witness, in violation of 18 U.S.C. § 1503. The witness was shot in Tennessee, but was to testify in a proceeding in the Northern District of Alabama. In each of those cases, venue was found to be proper at the location of the judicial proceeding affected by the illegal act because the focus of the obstruction statutes is to protect the integrity of the judicial proceedings. Frederick at 1213-1215; Cofield at 419; Barham at 523-524. The focus of the false statement statute, 18 U.S.C. § 1001, is to protect the integrity of the functions of the federal agency to whom the false statements are made. In this case, that is the Bureau of Prisons.

Defendant Bush has not been charged with obstruction of justice, but rather with making false statements to the Bureau of Prisons. Even though those statements may have ultimately been intended to affect an ongoing investigation in this district, the connection is too remote to establish venue in this district for the crimes alleged. Therefore, defendant's motion to dismiss Counts Seven, Eight and Nine of the fourth superseding indictment (Doc. 96) is **GRANTED**, and Counts Seven, Eight and Nine are hereby **DISMISSED without prejudice.**

**DONE** and **ORDERED** this 19th day of October, 2007.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE