```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

ARNOLD BUSH, JR.,                  :

    Petitioner,                :
                                      CIVIL ACTION 09-0143-CG-M
v.                                 :
                                     CRIMINAL ACTION 07-00072-CG-M
UNITED STATES OF AMERICA,          :

    Respondent.                :

<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 160) and Respondent's Motion to Dismiss (Doc. 165).  This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.  It is now ready for consideration.  The record is adequate to dispose of this matter; no evidentiary hearing is required.  It is recommended that Respondent's Motion to Dismiss (Doc. 165) be granted and Petitioner's Motion to Vacate (Doc. 160) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Arnold Bush, Jr.

Bush was first indicted on March 29, 2007 (Doc. 3); there were four superceding indictments, the last coming on August 31, 2007, charging Petitioner with conspiracy to possess with intent to distribute cocaine and marijuana, carrying or possessing a

firearm during a drug trafficking crime, being a drug user in possession of a firearm, making false statements, and possessing contraband in prison (Docs. 16, 45, 55, 82).  On October 29, 2007, Bush entered into a plea agreement wherein he pled guilty to conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846 and being a drug user in knowing possession of a firearm in violation of 18 U.S.C. § 922(g)(3) (Docs. 126-27).  Chief Judge Granade sentenced Petitioner to sixty-three months as to each count, to run concurrently, as well as three years on each count, to run concurrently, of supervised release following his release from prison, and an assessment of two hundred dollars (Doc. 142).  Bush filed a Notice of Appeal (Doc. 143), but it was dismissed for Petitioner's failure to pay the filing fee (Doc. 155).

Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed in this Court on March 16, 2009, raises the following claims:  (1) The sentence imposed was illegal because of fraud in that the Pre-sentence Investigation Report (hereinafter *PSI*) had misleading information in it; and (2) his attorney rendered ineffective assistance in not challenging the PSI (Doc. 160).  Respondent filed a Motion to Dismiss (Doc. 165) to which Petitioner Replied (Doc. 166).

The argument is made, in Respondent's Motion, that this action should be dismissed because Bush knowingly waived his right to raise these claims (Doc. 165).  The court notes that

Petitioner, in his Plea Agreement, specifically agreed to the following:

> 20.  The defendant acknowledges that he/she is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  In exchange for the recommendations made by the United States in this plea Agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence imposed in this case.
> 21.  With the limited exceptions noted below, the defendant also waives his/her right to challenge any sentence so imposed, or the manner in which it was determined, in any collateral attack, including but not limited to, a motion brought under 28 U.S.C. § 2255.
> 22.  The defendant reserves the right to contest in an appeal or post-conviction proceeding any of the following:
> a.  Any punishment imposed in excess of the statutory maximum;
> b.  Any punishment that constitutes an upward departure from the guideline range; or
> c.  A claim of ineffective assistance of counsel.

(Doc. 127, pp. 9-10).  At the guilty plea hearing, Judge DuBose had the following discussion with Bush:

> THE COURT:  What is important here, Mr. Bush, is you have actually read that plea agreement.
>
> A.  I read it, Your Honor.
>
> Q.  You go over it with your attorney?
>
> A.  We have gone over it.
>
> Q.  I'm going to tell you what I understand about the plea agreement and you

3

>tell me if your understanding is different. My understand, [sic] that in return for your plea of guilty to these two counts, the government, first of all, is going to dismiss that indictment that is pending against you. They are also going to recommend to the Court that you be sentenced at the low end of the guidelines.
>	But then, if you substantially cooperate, and they decide that you substantially cooperated, they will file a motion for downward departure.  In return for that and in return for your guilty plea you are also giving up your right to appeal any sentence that is imposed in this case, unless the Judge that sentences you goes beyond that statutory maximum or goes beyond the guidelines.
>	Is that the way you understand the plea agreement?
>
>	A.  Yes, Your Honor and some more additional.
>
>	Q.  Lets [sic] talk about that.  What else have you been promised?
>
>	A.  That I think no other charges are going to be brought against me concerning the facts and circumstances.
>
>	Q.  Right, that's in there too.

(Doc. 165, Exhibit pp. 6-8).

As noted earlier, Respondent has argued that Bush's first claim is barred from review because he waived it in his plea agreement (Doc. 165).  The Eleventh Circuit Court of Appeals has held that "where it is clear from the plea agreement and the Rule 11 colloquy, or from some other part of the record, that the defendant knowingly and voluntarily entered into a sentence appeal waiver, that waiver should be enforced."  *United States v.*

*Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *see also United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993), *cert. denied*, 513 U.S. 1051 (1994). The "core concern" for the Court in this analysis is "the defendant's knowledge and understanding of the sentence waiver." *Bushert*, 997 F.2d at 1351. The Court also notes that "[t]here is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.), *cert. denied*, 513 U.S. 864 (1994). "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

The Court finds that Bush has voluntarily and knowingly waived his right to raise claim one in this action under the language of *Bascomb* and *Bushert*. The plea agreement, coupled with Petitioner's statements during the plea colloquy, clearly demonstrate that Bush knowingly waived his right to raise this claim.[1]

Petitioner has also claimed that his attorney rendered ineffective assistance in not challenging the PSI as it resulted in a longer sentence than he should have had. The Court notes that the Eleventh Circuit Court of Appeals, in *Williams v. United*

---

[1] Respondent has also asserted that Bush's first claim is procedurally defaulted (Doc. 165, p. 4 n.3). However, because of the Court's finding that Petitioner has waived the right to assert this claim, the Court will not address the procedural default issue.

*States*, 396 F.3d 1340, 1342 (11th Cir.), *cert. denied*, 546 U.S. 902 (2005), held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing."  As noted by the *Williams* Court, a decision otherwise would render the waiver meaningless.  *Williams*, 396 F.3d at 1342.

The Court finds that Petitioner is attempting to do what *Williams* forbids him from doing.  The Court will not address this claim.

Bush has raised two claims in this petition.  Petitioner has waived the right to bring one of those claims; the other is precluded as a matter of law.  Therefore, it is recommended that the petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Arnold Bush, Jr.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set

out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed _de novo_ and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 4th day of August, 2009.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE